Martinez v. Easter

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 27th day of August, two thousand twenty.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             DENNY CHIN,
                     *Circuit Judges*.

_____

ROBERTO MARTINEZ,

                     *Petitioner-Appellant*,

                v.                                              19-814

DIANE EASTER,

                     *Respondent-Appellee*.[1]

_____

Appearing for Appellant:     Randall D. Unger, Kew Gardens, N.Y.


Appearing for Appellee:      Carolyn A. Ikari, Assistant United States Attorney (Marc H. Silverman, Assistant United States Attorney, *on the brief*), *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT.

---

[1] Diane Easter is automatically substituted as a party in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Appeal from the United States District Court for the District of Connecticut (Covello, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment be and it hereby is **AFFIRMED**.

Petitioner-Appellant Roberto Martinez appeals from the March 12, 2019 judgment entered in the United States District Court for District of Connecticut (Covello, *J.*) denying his pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Martinez challenges the U.S. Parole Commission's decision revoking his parole until February 3, 2031, when the term of his underlying federal sentences ends. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Martinez argues that the "Parole Commission acted irrationally and arbitrarily when it based its decision to hold [him] far beyond the applicable guidelines on the same reasons used to determine the appropriate guidelines in the first instance." Appellant's Br. at 13. He also argues that it was an abuse of discretion for the Parole Commission to depart to the extent that it did from the Parole Guidelines range and from the hearing examiner's recommendation. We disagree.

Review of parole decisions by the federal courts "is extremely limited, because the commission has been granted broad discretion to determine parole eligibility." *Bialkin v. Baer*, 719 F.2d 590, 593 (2d Cir. 1983). We review the decision of the Parole Commission for an abuse of discretion. *Id.* We "may not substitute [our] own judgment for that of the commission" and instead "may consider only whether there is a rational basis for the commission's decision." *Id.* "We will uphold the Commission's decision to go above the guidelines in setting parole where it is not irrational," so long as the Commission "summarize[s] the information used and indicate[s] the specific aggravating factors relied upon in going above the guidelines." *Iuteri v. Nardoza*, 732 F.2d 32, 37 (2d Cir. 1984).

The Parole Commission did not engage in impermissible double-counting or otherwise act arbitrarily in issuing its decision. In selecting Martinez's guidelines range, the Commission based its calculation on the number of his prior convictions, the categorical severity of his new offense behavior, the number of prior commitments over 30 days, age at current offense, amount of time between release and reoffense, and the fact he was on parole during the new offense. But in issuing its ultimate decision that departed upwardly from the guidelines, the Commission relied on other factors, including: (1) the severity of Martinez's prior convictions for large-scale drug trafficking and attempted murder; (2) Martinez's history of committing serious criminal conduct while in custody; (3) Martinez's return to large-scale drug trafficking approximately one year after his release on parole; and (4) the fact that his age had no deterrent impact when he committed his latest drug offense. These aggravating factors were far more egregious than the categorical factors that were taken into account warranting the initial calculation of Martinez's parole guidelines range. Accordingly, it is hardly irrational for the Parole Commission to confine a prisoner for longer than the applicable Guidelines range when other aggravating factors warrant such confinement. *Iuteri*, 732 F.2d at 37.

That the Parole Commission reached a different conclusion than the hearing examiner does not amount to an abuse of discretion either. The hearing examiner only offers a recommendation to the Parole Commission. 18 U.S.C. § 4203(c)(2); 28 C.F.R. §§ 2.23, 2.24. The Parole Commission is free to cast aside that recommendation in making its ultimate decision. *See Lynch v. U.S. Parole Comm'n*, 768 F.2d 491, 496 (2d Cir. 1985) ("It is the [Parole] Commission, and not the Examiners, which is vested with the responsibility to make the parole decision.").

We have considered the remainder of Martinez's arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk